UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY LLOYD BROWN

VERSUS                                                                              CIVIL ACTION

DEPARTMENT OF HEALTH & HOSPITAL, ET AL                NUMBER 08-65-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October __3__, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY LLOYD BROWN

VERSUS                                                               CIVIL ACTION

DEPARTMENT OF HEALTH & HOSPITAL, ET AL     NUMBER 08-65-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

This matter was scheduled for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) on October 2, 2008, to determine whether the complaint should be dismissed as frivolous. Plaintiff failed to appear for the *Spears* hearing.[1]

Pro se plaintiff, a former detainee at the Eastern Louisiana Mental Health System, Forensic Division, Jackson, Louisiana, filed this action presumably pursuant to 42 U.S.C. § 1983 against the (Louisiana) Department of Health and Hospitals, Dr. John Thompson Jr., Dr. Herman Soong, and Dr. J. Scott Stanley.

Plaintiff alleged that he was arrested for trespassing at a car wash. Plaintiff alleged that pursuant to a court order he was admitted to the forensic hospital for evaluation. Plaintiff alleged that the defendants relied on hearsay and inaccurate information in his file to diagnose and treat him with anti-psychotic medication. Plaintiff alleged that he was required to submit a written request before treating physicians would discontinue the anti-

---

[1] The *Spears* hearing was originally scheduled for July 9, 2008. Plaintiff's motion to continue the hearing was granted and it was rescheduled to October 2. Plaintiff referred to the October 2 hearing date in his Notice of Appeal which was filed on August 4. Record document number 14.

psychotic medication. Plaintiff alleged that the defendants would not discharge him so that he could return home.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiff named the Louisiana Department of Health and Hospitals as a defendant.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh

Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Health and Hospitals as an agency of the state. *Darlak v. Bobear,* 814 F.2d. 1055, 1059-60 (5th Cir. 1987).

Plaintiff alleged that after he was arrested, defendants Dr. Stanley and Dr. Thompson allowed a judge to order him admitted to the forensic facility. Plaintiff alleged that he was diagnosed as psychotic even though he did not exhibit psychotic symptoms. Plaintiff alleged that his treating physicians confused his stutter and attention deficit disorder for mental illness. Plaintiff alleged that he was required to submit a written request to have the psychotic medication discontinued.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen,* 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble, supra; Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra.* Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra.*

Plaintiff's dissatisfaction with the diagnosis and treatment he received while confined at the forensic facility pursuant to a court order does not rise to the level of a constitutional violation.

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel

or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915 and without prejudice to any state law claim.

Baton Rouge, Louisiana, October __3__, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE